UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-25-05 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| KENNETH BARLOW | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a "motion for time credit awaiting pre-sentence," filed by the Defendant, Kenneth Barlow ("Barlow"), in which he asks the Court to compel the Bureau of Prisons to award him credit for time served. Record Document 536. The Court understands that Barlow is requesting credit for time spent in federal custody prior to his sentencing. The Court writes to clarify the issue for the benefit of the Defendant and the Bureau of Prisons.

Barlow was indicted on January 23, 2019. At that time, he was in state custody. He was brought into federal custody on January 31, 2019. Record Documents 42 and 78. As best the Court can tell, Barlow remained in federal custody until his sentencing in this matter on August 6, 2020. At sentencing, the Court sentenced Barlow to 138 months with "credit for time served" since January 31, 2019, the date on which his federal custody began. Record Documents 409 and 410. The Court's intent in making its remarks at sentencing and memorializing this intent in both the judgment and the minutes was to ensure that the Defendant received credit for the time he spent in custody while his federal charges were pending and while he was proceeding through the arraignment, guilty plea, and sentencing phases of the federal system.

In the instant motion, Barlow argues that the Bureau of Prisons is crediting him only three days, as opposed to credit from January 31, 2019 until August 6, 2020. However, he has provided the Court with no information to substantiate that belief. His motion states that he attached a time computation sheet, but no such document accompanied his motion. The Court notes that Barlow was in state custody at the time he was brought into federal custody. His motion states he was in state custody because of "a parole violation warrant and another state charge." Record Document 536, p. 2. The Court has no information on the outcome of the state proceedings, how much time Barlow was ordered to serve in prison, or whether any state sentences were ordered to run concurrently or consecutively to his federal conviction. To the extent a state-imposed sentence of imprisonment arose from a state parole revocation, this Court would suggest the federal sentence be run consecutively to the state sentence.

In any event, the Court lacks the authority to order the Bureau of Prisons to calculate the Defendant's sentence in any certain manner. See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) ("the United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing."). Thus, if the Defendant believes he is being improperly refused credit for time he has served in federal custody, he must pursue administrative review of his computations before seeking judicial review through a formal motion. See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010).

Only after he has exhausted these administrative remedies may he pursue judicial review. See id.

The Court is aware that Barlow has commenced this process with the Bureau of Prisons, as demonstrated by the documents he provided with his motion. However, he must *fully* exhaust administrative remedies with the Bureau of Prisons before pursuing judicial review. Here, there is no evidence that Barlow has fully exhausted his administrative remedies. Further, once Barlow has fully exhausted, the appropriate mechanism to pursue judicial review is by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not by filing a motion in his closed criminal case. See United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons.").

Accordingly, Barlow's motion for credit for time served [Record Document 536] is **DENIED**.

**THUS DONE AND SIGNED** this 26th day of April, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE